```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ROBERT SALAZAR MORALES,          )
                                 )
           Plaintiff             )
                                 )
      v.                         )   Case No. 2:03 cv 66
                                 )
JO ANNE B. BARNHART,             )
Commissioner of Social Security  )
                                 )
           Defendant             )
```

OPINION AND ORDER

This matter is before the court on the Application for Attorney Fee Under the Equal Access to Justice Act filed by the plaintiff, Robert Salazar Morales, on October 9, 2003. For the reasons set forth below, the motion is **GRANTED**.

Background

On February 26, 2003, the plaintiff, Robert Salazar Morales, filed a complaint requesting judicial review of the Social Security Administration's denial of supplemental security income. On July 15, 2005, Salazar Morales timely filed a motion for summary judgment. Instead of filing a response, the Commissioner stipulated to reversal and remand of the case on September 8, 2003. On September 9, 2003, the court granted the motion to reverse and remand under sentence four of 42 U.S.C. ß405(g). On October 9, 2003, the plaintiff applied for attorney fees under the Equal access to Justice Act ("EAJA"), 28 U.S.C. ß2412.

Discussion

The Equal Access to Justice Act allows a prevailing plaintiff to recoup reasonable attorney fees if the Government's

position was not substantially justified, the award would not be unjust, and the "fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *United States v. Hallmark Construction Company*, 200 F.3d 1078, 1079 (7th Cir. 2000).  *See also* 28 U.S.C. ß2412(d)(1).  Although the EAJA establishes a statutory rate of $125 per hour for attorneys fees, the Act also allows the court to adjust this amount upward to reflect cost of living.  *See* 28 U.S.C. ß2412(d)(2)(A)(ii).  Salazar Morales has made this adjustment, seeking $4,999.75, equaling $22.50 in costs plus fees for 12.8 attorney hours and 41.25 paralegal and law clerk hours.  These figures represent 1.8 attorney hours at $145/hour in 2002 [$261.00], 11 attorney hours at $147.50/hour in 2003 [$1,622.50], and 41.25 paralegal and law clerk hours at $75/hour.

   The Commissioner does not dispute the $22.50 in costs, which the plaintiff may collect pursuant to statute.  *See* 28 U.S.C. ß2412(a)(1).  In addition, the parties do not contest that the plaintiff was a "prevailing party," that the government's position was not substantially justified, that the award would not be unjust, or that the fee application was timely and supported by an adequate statement.  Furthermore, the Commissioner does not object to the rate of compensation for attorney work, which the plaintiff has calculated based on the Bureau of Labor Statistics "all items" Consumer Price Index.  Rather, the Commissioner argues that the amount requested is unreasonable because the

2

plaintiff's counsel has billed too many hours and because a $75/hour rate is excessive for paralegal and law clerk work.

By the court's calculations, Salazar Morales seeks compensation for only 47.75 hours of work performed on the entirety of the plaintiff's case, plus 6.3 hours on the briefing of this EAJA application.  This calculation already reflects a 50% reduction in time and compensation sought for the work of law clerk Kylie Sara Pak, who spent 67.10 hours drafting the summary judgment motion and supporting brief.  Because this case was the first social security appeal handled by Pak, the plaintiff seeks compensation for 33.55 hours of Pak's time.  Thus, including the 10.7 hours attorney Frederick Daley expended supervising and directing the work of Pak, plaintiff's counsel only seeks compensation for 44.25 hours expended on the briefing of the motion for summary judgment, as well as 3.5 hours expended filing a complaint and communicating with the court, the plaintiff, and the plaintiff's former counsel.  Given that Salazar Morales' counsel did not represent him until the appeal to this court, the record spanned 590 pages, and the brief in support of summary judgment was 25 pages in length, contained an extensive statement of facts and raised five grounds for reversal and remand, the court cannot say that the time spent on this case was unreasonable.  In any event, the cases on which the Commissioner relies to argue that 20 to 40 hours is the benchmark for reasonableness are entirely out of this circuit.

With respect to the $75/hour law clerk and paralegal fee, the Commissioner argues that the rate should be reduced to $25/hour under ***Taylor v. Barnhart***, No. 00 C 7782, 2002 WL 31654944, at *4 (N.D. Ill. Nov. 22, 2002).  However, the ***Taylor*** court found the $25/hour rate appropriate for "<u>clerical tasks</u> not traditionally performed by an attorney," which is inapposite to the facts of this case.  (emphasis added).  *See also* ***Groskreutz v. Barnhart***, No. 02-C-454-C, 2005 WL 456714, at *2 (W.D. Wis. Feb. 28, 2005).  The Commissioner does not argue that Salazar Morales improperly seeks a higher rate of compensation for clerical tasks.  Finally, this court recently awarded $75/hour for law clerk or paralegal work performed by the same plaintiffs' counsel.  *See* ***McKinnie v. Barnhart***, No. 2:00 cv 521, April 7, 2005 Order on EAJA Application, p. 11; ***Selby v. Barnhart***, No. 2:00 cv 370, April 14, 2005 Order on EAJA Application, p. 10.  A $75 rate is not unusual for the work of a paralegal or law clerk in a Chicago, Illinois firm.  *See* ***Samuel v. Barnhart***, 316 F.Supp.2d 768, 780-82 (E.D. Wis. 2004) (citing cases awarding a $75 paralegal rate, declining to adopt the Commissioner's argument that these employees should be paid at $25/hour for non-clerical work, and awarding $85/hour for paralegal and law clerk work performed by the same firm representing Salazar Morales).  Accordingly, the court finds that a rate of $75/hour is appropriate for paralegal and law clerk work in this case.

In sum, the court finds that the plaintiff may be compensated at the rates requested for the 47.75 hours expended on this

4

case.  The plaintiff may also be compensated at the rates requested for the 6.3 hours his counsel spent litigating the EAJA application subsequent to his original motion.  See ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2321, 110 L.Ed.2d 134.

_____

For the foregoing reasons, the Application for Attorney Fee Under the Equal Access to Justice Act filed by the plaintiff, Robert Salazar Morales, on October 9, 2003, is **GRANTED**.  Plaintiff's counsel is awarded fees in the amount of $4,999.75.

ENTERED this 11th day of May, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge